IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROL J. B., <br><br>**Plaintiff,** <br><br> v. <br><br> KILOLO KIJAKAZI, <br> **Acting Commissioner of Social Security,** <br><br> **Defendant.** | Case No.  20-cv-534-JFH-JFJ |

## OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Jodi F. Jayne ("Magistrate Judge") on review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying a request for disability benefits by Plaintiff Carol J. B. ("Plaintiff").  Dkt. No. 23.  The Magistrate Judge recommends that the Court affirm the Commissioner's denial of Plaintiff's application for benefits.  *Id*.  For the reasons set forth below, the Court agrees, overrules Plaintiff's objection [Dkt. No. 24], adopts the Magistrate Judge's Report and Recommendation [Dkt. No. 23], and affirms the Commissioner's denial of benefits.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on January 2, 2018, alleging disability beginning on January 2, 2018.[1]  Dkt. No. 13-2 at 15.  Plaintiff's claim was denied initially on July 18, 2018, and again upon reconsideration on October 30, 2018.  *Id*.  At the request of Plaintiff, an administrative hearing was held in Tulsa, Oklahoma on November 6, 2019 before

---

[1]  Originally, Plaintiff alleged an onset date of June 29, 2016, but later amended.  Dkt. No. 13-2 at 15.

Administrative Law Judge Laura Roberts ("ALJ"). *Id*. By written decision issued on February 4, 2020, the ALJ found that Plaintiff was not disabled. Dkt. No. 13-2 at 15-32. The Appeals Council denied Plaintiff's request for review on August 15, 2020. *Id*. at 1. Plaintiff timely filed this appeal on October 16, 2020. Dkt. No. 2.

United States Magistrate Judge Jodi F. Jayne issued her Report and Recommendation ("Report") on December 17, 2021, recommending that the Commissioner's decision be affirmed. Dkt. No. 23. Plaintiff timely filed her objection to the Magistrate Judge's Report on January 3, 2022, requiring review by this Court. Dkt. No. 24.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). It is more than a scintilla, but less than a preponderance. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## DISCUSSION

Plaintiff objects to the Report and Recommendation [Dkt. No. 23] on three (3) bases:

1. The Magistrate Judge erred in finding that the ALJ properly evaluated Plaintiff's fibromyalgia as non-medically determinable;

2. The Magistrate Judge incorrectly determined that the ALJ sufficiently considered and accounted for the medical evidence in the record; and

3. The Magistrate Judge incorrectly determined that the ALJ properly found that Plaintiff's statements were inconsistent with the record.

Dkt. No. 24. The Court will address each of Plaintiff's objections in turn.

### I.     Evaluation of Plaintiff's Fibromyalgia

First, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly evaluated Plaintiff's fibromyalgia as non-medically determinable. Dkt. No. 24 at 2. Specifically, Plaintiff argues that the ALJ failed to properly consider Plaintiff's "pain and its effect on her, no matter the cause of the pain." *Id*. This Court disagrees.

The Social Security Administration ("SSA") may find that a person has a medically determinable impairment of fibromyalgia if he or she has all three of the following criteria:

1. A history of widespread pain;

2. Repeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and

3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

SSR 12-2p (internal citations omitted). Contrary to Plaintiff's argument, the ALJ did find a history of widespread pain. Dkt. No. 13-2 at 22 (noting that "the claimant complained of pain all over her body."). Additionally, the ALJ found that Plaintiff manifested six or more fibromyalgia

symptoms. *Id*. at 19. However, because the record showed evidence of other disorders such as "chronic pain syndrome, osteoarthritis, and migraines or headaches, which could account for [Plaintiff's] signs or symptoms" and such other disorders had not been ruled out as the cause, the ALJ found that the third criterion of SSR 12-2p was not satisfied. *Id*. In support of this finding, the ALJ pointed to Dr. Thompson's evaluation, in which he assessed Plaintiff for fibromyalgia, but did not exclude any other possible disorders or explanations for Plaintiff's symptoms. *Id*.

Further, as the Magistrate Judge correctly states, it is not the diagnosis, but the resulting functional limitations that determine disability. *See Coleman v. Charter*, 58 F.3d 577, 579 (10th Cir. 1995). Plaintiff has not pointed to any functional limitations in the record which would support Dr. Thompson's fibromyalgia diagnosis. The ALJ's finding that Plaintiff's fibromyalgia was non-medically determinable is supported by substantial evidence.

Additionally, to the extent Plaintiff argues that the ALJ failed to adequately consider her subjective complaints of pain in evaluating her fibromyalgia, this Court disagrees. "A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993) (citing *Gatson v. Bowen,* 838 F.2d 442, 447 (10th Cir.1988)). In analyzing a claimant's subjective evidence of pain, the ALJ must consider:

> (1) whether Claimant established a pain-producing impairment by objective medical evidence;
>
> (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and
>
> (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Musgrave v. Sullivan,* 966 F.2d 1371, 1375–76 (10th Cir.1992) (citing *Luna v. Bowen,* 834 F.2d 161, 163-4 (10th Cir.1987)). As discussed above, the ALJ properly found that the objective medical evidence did not support a finding of fibromyalgia under SSR 12-2p. Therefore, there

4

was no "proven impairment" for the ALJ to consider in relation to Plaintiff's subjective evidence. Regardless, the ALJ clearly discussed and considered Plaintiff's subjective complaints of pain. For these reasons, the Magistrate Judge determined that the ALJ properly applied SSR 12-p to find fibromyalgia to be medically non-determinable. This Court agrees.

II.     **Consideration of Medical Evidence**

Next, Plaintiff takes issue with the ALJ's consideration of the medical evidence in the record. Dkt. No. 24. While the Magistrate Judge concluded that Plaintiff had waived any objection regarding the ALJ's consideration of medical evidence because Plaintiff's argument was unsupported, conclusory, and reliant upon an outdated standard for evaluating medical source opinion, the Court will nonetheless consider this objection. *See* Dkt. No. 23 at 10-11.

Contrary to her insistence otherwise, Plaintiff's objection here essentially asks the Court to reweigh the medical evidence in the record. Although Plaintiff asserts that the ALJ failed to properly consider the entire record and apply the required legal standards, Plaintiff does not actually point to any parts of the record that the ALJ failed to consider and does not specifically indicate which legal standards the ALJ failed to apply. Instead, Plaintiff vaguely argues that the evidence that she points to "overwhelms the ALJ's RFC finding." Dkt. No. 24 at 4. The ALJ considered the evidence Plaintiff points to but, upon weighing such evidence with the entire record, simply found it insufficient to support a finding of disability.

For example, Plaintiff takes issue with the ALJ's treatment of Dr. Timothy D. Doty's report, accusing the ALJ of "picking and choosing of evidence, highlighting evidence that could support the unfavorable RFC, while minimizing evidence that shows more limitations than the ALJ acknowledged." Dkt. No. 24 at 3. However, it is Plaintiff who does the picking and choosing here. Plaintiff only points to the portions of Dr. Doty's report which appear to support her position,

5

such as Dr. Doty's opinion that Plaintiff's ability to sustain concentration and persist in work-related tasks appeared "poor at present" and that Plaintiff did not "seem to include intentional or misleading over/underreporting." *Id*. at 4.  While the ALJ acknowledged those portions of the report, the ALJ noted that Dr. Doty also opined that Plaintiff's ability to "engage in work-related mental activities appear[ed] moderate . . . [and] that her ability to understand work-related mental activities appear[ed] moderate."  Dkt. No. 13-2 at 29.  Further, Dr. Doty opined that Plaintiff's "mental status, at the time of the consultative examination, suggested that she was cognitively capable of managing disability benefits if she was to receive them."  *Id*.  In addition, while it seems that Plaintiff reported "some vague suicidal ideation and visual hallucination during examination," Dr. Doty did not seem to think any of Plaintiff's reports or presentation required a referral for inpatient assessment, or any further action on his part.  *Id*.  In short, the ALJ found that Dr. Doty's report was not only internally inconsistent, but inconsistent with other evidence, noting that other mental status examinations discussed in the record were largely unremarkable.  *Id*.; *see Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir.) ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (internal citation omitted)).  The ALJ was not "picking and choosing" but rather weighing the evidence and this Court cannot and will not reweigh that evidence on Plaintiff's behalf.

### III.    Finding of Inconsistent Statements

Finally, Plaintiff argues that the Magistrate Judge incorrectly determined that the ALJ properly found Plaintiff's statements to be inconsistent with the record.[2]  Dkt. No. 24 at 6.  To the extent

---

[2]  In arguing that the ALJ did not properly make a finding of inconsistent statements, Plaintiff advances an argument regarding her statement that "she had 'not been able to go back to rheumatology as she ha[d] a balance.'" Dkt. No. 24 at 6. However, because this statement was noted in the ALJ's summary of the record, and not as a reason for finding Plaintiff's subjective complaints inconsistent with the record, the Court will not address this argument.

Plaintiff argues that there was not substantial evidence to support the ALJ's determination that she was not entirely credible, this Court disagrees. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995) (citing *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)). "[F]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (citing *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988) (footnote omitted); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir.1992) (ALJ "must articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical); *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988) ("failure to make credibility findings regarding . . . critical testimony fatally undermines the Commissioner's argument that there is substantial evidence adequate to support her conclusion that claimant is not under a disability")). In determining whether a claimant's subjective complaints of pain are credible, the ALJ should consider various factors, such as:

> The levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Wilson v. Astrue*, 602 F.3d 1136, 1145 (10th Cir. 2010) (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir.1991)) (finding that while "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms [, ] the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.").

Here, the ALJ found that although Plaintiff's statements regarding her symptoms may have been consistent with the evidence in the record, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms" were not. Dkt. No. 13-2 at 23. For example, the ALJ noted that while Plaintiff made some complaints regarding medication side effects in her testimony, the record shows that (1) Plaintiff often denied medication side effects, (2) any complaints of mediation side effects were immediately addressed, and (3) Plaintiff returned to medication without any continued complaints of side effects. *Id*. at 22-23. Additionally, the ALJ found that while Plaintiff stated she was experiencing a pain level of 7/10, the contemporary physical examination did not reflect such a level of pain. *Id*. at 24-25. Though Plaintiff indicated some tenderness, her strength tests were scored 5/5, her overall affect was normal, and she was not in distress. *Id*. Because the ALJ's decision points to specific instances of inconsistencies, this Court finds that there is substantial evidence on the record to support the ALJ's credibility determination. *See Wilson*, 602 F.3d at 1144. The Magistrate Judge did not err in also making such a finding.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Carol J. B.'s Objection [Dkt. No. 24] is **OVERRULED**, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 23], and **AFFIRMS** the Commissioner's denial of benefits.

DATED this 28th day of March 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE